Wood, Judge.
The question raised on this record, is, whether, in this action of trespass, under the replication, de injuria sua propria absque tali causa, the plaintiff might rely upon, and give in evidence, an excessive beating.
It is said that the defendant, taking the affirmative, was bound to prove the truth of his plea, by showing that the correction was moderate, and that, to rebut this proof, evidence might be introduced to show that the beating was excessive. It appears to us of no very great importance which way the rule is established; but it should be settled and made known.
In Massachusetts it is held that such general replication is sufficient to let in proof of excess, and that it puts in issue every material allegation' of the plea, requiring the defendant to sustain, by proof, that he was a schoolmaster — that the plaintiff was his scholar — that he misbehaved, and that the correction was moderate. Bat the English and New York authorities are the other way. They show that when-the justification *sets up either matter of right, interest, or [193 authority from the plaintiff, or by law, the plaintiff must reply specially. He can not, under the general traverse, de injuria, give evidence of a new trespass, or excess of authority.
We feel disposed to go with this current of decisions. By thus settling the law the defendant will be apprised of the precise ground .on which the plaintiff relies ; and a single fací only will be submitted -to the jury. The plaintiff, by replying specially, may select the fact- *194 ■upon which he will take issue ; but he can present only one matter in his replication, and thus narrow down the ground of inquiry.
The evidence excepted to in this case was, therefore, improperly admitted.
Judgment reversed, and cause remanded.